USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICK RODRIGUES,

Plaintiff,

-against-

CORONA ADVANCES, INC., et al.,

Defendants.

15-CV-6815 (BCM)

**OPINION AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Rick Rodrigues seeks the entry of a judgment by confession. (Dkt. No. 61.) For the reasons that follow the Court will deny the motion – without prejudice as to renewal as to the non-defaulted defendants – because plaintiff has not shown that this Court has subject matter jurisdiction over this action.

## Background

This is a breach of contract action. Subject matter jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. The case was originally assigned to the Hon. John G. Koeltl, United States District Judge, but on December 23, 2016, plaintiff Rodrigues and defendants CB4 and Orlando consented to the jurisdiction of the undersigned Magistrate Judge for all purposes, including entry of a final judgment, pursuant to 28 U.S.C. § 636(c). (Dkt. No. 55.)

On May 1, 2018, plaintiff advised the Court by letter that the case was settled (Dkt. No. 58), and filed a Stipulation of Dismissal, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(2). (Dkt. No. 59.) The Stipulation of Dismissal was signed by Louis M. DiLuzio, counsel for plaintiff Rodrigues, and by Mark R. Smith, counsel for defendants CB4 and Orlando. The settling parties did not submit any written settlement agreement to the Court, nor otherwise disclose the terms on which they had resolved their dispute.

On August 14, 2018, plaintiff filed a proposed judgment in the amount of $155,392.50, plus costs and disbursements in the amount of $495.00, running against CB4, Orlando and defaulted defendant Corona Advances, Inc. (Corona). (Dkt. No. 68.)[1] Along with the proposed judgment, plaintiff filed affidavits of confession of judgment signed by or on behalf of CB4, Orlando, and Corona.

The affidavits were all signed and notarized in Nevada. They bear various dates in May of 2017 (one year prior to the Stipulation of Dismissal). One is signed by Willadys Castillo, a managing Member of CB4, on CB4's behalf. (Dkt. No. 68, at ECF pages 2-6.) Another is signed by Orlando on his own behalf. (*Id.*, at ECF pages 7-11.) A third is signed by Orlando in his capacity as an "Officer and Primary Shareholder" of defaulted defendant Corona. (*Id.*, at ECF pages 12-16.) All three affidavits: (1) consent to the jurisdiction of this Court (as well as the Supreme Court of the State of New York, County of New York, and the courts of the State of Nevada); (2) confess judgment in favor of plaintiff Rodrigues for the sum of $217,392.50, plus interest from the date of the affidavit "less any payments hereafter made"; and (3) attest that the confession of judgment is for a debt "justly due" to plaintiff Rodrigues, in the same amount, arising out of the breach by CB4, Orlando, and Corona of the contract originally at issue in this action. The affidavits further attest that they are given as security "for amounts justly due and owed to the Plaintiff under the terms of a settlement agreement entered into." *See, e.g.*, CB4 Aff. ¶ 8.

In addition to the proposed judgment and the affidavits of confession of judgment, plaintiff filed the Certification of Louis M. DiLuzio (Dkt. No. 61), which I construe as a motion for entry of judgment in accordance with N.Y. C.P.L.R. (CPLR) § 3218. Attorney DiLuzio: (1) attests that

---

[1] Corona never appeared in this action, prompting plaintiff to obtain a clerk's certificate of default (Dkt. No. 26) and pursue a damages inquest. (Dkt. No. 42.) That inquest was pending and undecided when the non-defaulted parties filed their Stipulation of Dismissal.

plaintiff and "Defendants" settled this action on May 1, 2016 (*two* years prior to the Stipulation of Dismissal); (2) explains that the settlement agreement called for the "Defendants" to execute affidavits of confession of judgment in the sum of $217,392.50, which was the full amount sued upon in this action (and apparently the full amount of the settlement[2]); (3) asserts that "Defendants" paid a total of $62,000 towards their settlement obligations but then defaulted, leaving $155,392.50 due and owing; and (4) attaches a default notice and demand for cure sent to defendants C4B and Orlando on June 6, 2018, which was returned as undeliverable. DeLuzio Cert. ¶ 7 & Exs. A-B. DiLuzio explains that "[s]ince Defendant Corona Advances (which had been in default in pleading and had been subject to a separate default judgment that was not pursued per the settlement agreement in lieu of a confession of judgment) was defunct and no longer possessed a valid business address, notice to cure was effectively sent to it via service on Defendant Luis Orlando, [who] was the Principal of Coronoa Advances, Inc. and the only person to whom notice could be sent." *Id.* ¶ 7 (footnote omitted). The DeLuzio Certification concludes with a prayer for the entry of judgment in the amount of $155,392.50, plus $495.00 in costs and disbursements. *Id.* ¶ 12.

### Discussion

A United States District Court has the power to enter judgment by confession, in accordance with New York law, "so long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly, and intelligently made." *Xerox Corp. v. West Coast Litho, Inc.*, 251 F. Supp. 3d 534, 537-38 (W.D.N.Y. 2017) (quoting *LOL Fin. Co. v. Carrigan*, 2016 WL 4254339, at *2 (D. Minn. Aug. 5, 2016), and collecting cases). Although state law (in this case CPLR § 3218(a)) governs the adequacy of the affidavits of confession of judgment, "the entry of a confessed judgment is a matter of procedure where the federal rules govern." *Alland v.*

---

[2] Once again, plaintiff did not submit any written settlement agreement to the Court.

3

*Consumers Credit Corp.*, 476 F.2d 951, 954 (2d Cir. 1973). Thus, while the New York courts permit the entry of judgment on a proper affidavit of confession by the clerk of the county in which entry of judgment is authorized, "without an action," *see* CPLR § 3218(a)-(b), the federal courts generally require the party seeking entry of a confessed judgment to make a motion, *see Xerox Corp.*, 251 F. Supp. 3d at 537 n.3, or (if there is no extant action in which such a motion can be made) "file[ ] a new lawsuit." *Id.* at 536 n.2.

In this case, the affidavits appear to contain the information required by CPLR § 3218(a). Further, by filing the proposed judgment, the affidavits, and the DiLuzio Certification on the electronic docket of this action – and thereby causing service to be made on all counsel of record, including attorney Smith – plaintiff has effectively provided notice to defendant CB4 and Orlando.

However, plaintiff did not serve those papers (nor attempt to serve them) upon defaulted defendant Corona. Moreover, the power of a United States Magistrate Judge to direct the entry of judgment, or otherwise dispose of a party's claim or defense, is dependent on the consent of all affected parties. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a). "The consent of each party is essential to the validity of the statutory system that allows a magistrate judge to make binding adjudications." *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21, 24 (2d Cir. 1993) (holding that a magistrate judge "was not authorized to enter a final order denying intervention" absent the consent of the would-be intervenors). "[T]he lack of consent is a jurisdictional defect that cannot be waived." *Yeldon v. Fisher*, 710 F.3d 452, 453 (2d Cir. 2013) (holding that a magistrate judge lacked jurisdiction to enter summary judgment against *pro se* plaintiff who did not consent pursuant to § 636(c)); *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, 2013 WL 5977440, at *1 n.1 (S.D.N.Y. Nov. 12, 2013) (submitting report and recommendation on motion for default judgment in case where all parties had consented except

4

single defaulting party because "the defaulting party[] has not consented to my jurisdiction"), *report and recommendation adopted,* 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014).

Citing *New York Chinese TV*, Magistrate Judge John M. Conroy concluded in *Revision Military Ltd. v. Gideon Servs., Inc.*, 2017 WL 5632700 (D. Vt. Oct. 31, 2017), *report and recommendation adopted*, 2017 WL 5634872 (D. Vt. Nov. 21, 2017), that he could not enter a default judgment against defendant Gideon, because "the defaulting party[ ] has not consented to jurisdiction by the Magistrate Judge." *Id.* at *1.[3] *Accord Jack Tyler Eng'g Co. v. Colfax Corp.*, 2011 WL 384614 at *4 (W.D. Tenn. Feb. 3, 2011) (magistrate judge lacked statutory authority to enter default judgment absent consent of defaulting party); *Barrett v. D.J. Knight & Co.*, 2009 WL 3294769, at *1 (S.D.N.Y. Oct. 6, 2009) (since third-party defendant did not "return the § 636(c) consent form," defendant/third-party plaintiff's motion for entry of a default judgment against third-party defendant would be returnable before the district judge, not the magistrate judge); *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 715 (S.D. Ohio 2002) (magistrate judge may only issue recommended disposition with respect to motion for default judgment against defendant who never appeared and therefore never consented to magistrate judge's jurisdiction); *De Ponce v. Buxbaum*, 1995 WL 51098, at *5 (S.D.N.Y. Feb. 9, 1995) (noting in dictum that magistrate judge "could not have entered default judgment" against defendant which did not execute § 636(c) consent, "even with the consent of the others").

Here, all of the non-defaulted parties expressly consented to the jurisdiction of the Magistrate Judge, but – insofar as it can be determined from the record before me – Corona did

---

[3] Judge Conroy went on to recommend that the default judgment be entered. 2017 WL 5634872, at *4. Three weeks later, United States District Judge William K. Sessions III adopted Judge Conroy's recommendation and entered the judgment. *Revision Military Ltd. v. Gideon Servs., Inc.*, 2017 WL 5634872, at *1 (D. Vt. Nov. 21, 2017).

5

not.[4] Nor could its consent be inferred from its conduct, since it was not present before the Court at any time during the life of this action. *Cf. Roell v. Withrow*, 538 U.S. 580, 583 (2003) (holding that consent could be implied from the parties' conduct where, although they never executed a written consent form pursuant to § 636(c), they "proceeded in front of the Magistrate Judge, all the way to a jury verdict and judgment for the petitioners").[5]

Consequently, I am without power to enter a confessed judgment against Corona in this action. Plaintiff remains free to seek a confessed judgment against Corona in state court or – if he chooses – to file a new action in this Court, which will be assigned to a United States District Judge, for that purpose.

As to the remaining defendants, who have consented to the jurisdiction of the Magistrate Judge, I possess the power to enter a judgment by confession, but first must be satisfied that the Court has subject matter jurisdiction over the action. *Xerox Corp.*, 251 F. Supp. 3d at 538.

Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which extends to cases where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." Complaint (Dkt. No. 1) ¶ 5. However, plaintiff has not pleaded facts showing that the parties are "citizens of different states." Plaintiff Rodrigues resides in Florida. Compl. ¶ 1. Defendant Orlando is (or was) a resident of Nevada. *Id.* ¶ 4. Defaulted defendant Corona is (or was) a New York corporation with a last known address in New

---

[4] Through its affidavit of confession of judgment, Corona consented to jurisdiction *in this District*, *see* Corona Aff. ¶ 2, but did not consent to the disposition of the claims against *by a Magistrate Judge*. As noted above, plaintiff has never submitted the parties' written settlement agreement to the Court. I therefore cannot determine whether that document evidences the necessary consent.

[5] As the court explained in *Jack Tyler Eng'g Co., supra,* a defaulting defendant that "was never notified of [its] right to refuse consent to the Magistrate Judge" and "did not act in any affirmative manner to consent to the Magistrate Judge's authority" "cannot be deemed to have implicitly consented to the Magistrate Judge's jurisdiction under *Roell.*" 2011 WL 384614, at *3.

York, New York. *Id.* ¶ 2. Defendant CB4 is (or was) a Nevada Limited Liability Company" (LLC), with a last known address in Henderson, Nevada. *Id.* ¶ 3.

"For diversity purposes, the citizenship of an LLC depends upon the citizenship of its members." *Boston Tea Co., LLC v. Bay Valley, LLC*, 2017 WL 6887594, at *1 (S.D.N.Y. Nov. 8, 2017). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *Avant Capital Partners, LLC v. W108 Dev. LLC*, 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016) (quoting *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (Sotomayor, J.) (finding lack of diversity where defendant LLC members had same citizenship as plaintiff). Thus, the Court must look to the citizenship of CB4's members to determine whether diversity – and hence subject matter jurisdiction – exists in this action.

Plaintiff has neither identified CB4's members nor alleged their citizenship.[6] Before this Court can enter a confessed judgment against CB4 (or any other party), plaintiff must provide information sufficient to permit the Court to conclude that none of those members is a resident of Florida, which would destroy diversity. If plaintiff seeks a judgment on behalf of "LR Capital, LLC," he must provide comparable information concerning its members, sufficient to assure the Court that the parties are in fact diverse.

---

[6] Nor has he identified the members of "LR Capital, LLC," which may or may not be a plaintiff in this action. *See* Compl. ¶ 1 (referring to plaintiff as "Rick Rodrigues individually and d/b/a LR Capital, LLC"); *see also id.* at 13 (demanding judgment on behalf of "plaintiffs").

## Conclusion

For the foregoing reasons, the Court DENIES plaintiff's motion to enter judgment on the affidavits of confession of judgment. The denial is WITHOUT PREJUDICE to renewal – as to the non-defaulted defendants – within 30 days, if by that time plaintiff can satisfy its burden of establishing the existence of subject matter jurisdiction.

Dated: New York, New York
      August 24, 2018

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**